## SETTLEMENT AGREEMENT
## AND MUTUAL RELEASE

**THIS CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT** (the "Settlement Agreement") is made by and between Frank L. DiLeonardo Jr., as trustee of the Frank L. DiLeonardo, Jr. Trust, (hereinafter referred to as "DiLeonardo"), Timothy N. Tatum (hereinafter referred to as "Tatum") and Joseph Fletcher (hereinafter referred to as "Fletcher") (collectively the "Parties") on January 15, 2008.

**WITNESSETH THAT**, in consideration of the mutual agreements, covenants, and conditions contained herein, the Parties agree as follows:

1. **RESOLUTION OF PROMISSORY NOTE**

(a)     On or about September 20, 2007, in exchange for good and valuable consideration, Fletcher executed a Promissory Note (hereinafter the "Note"), in connection with the Monterey Music Summit 2007. Under the terms of the Note, Fletcher promised to pay to DiLeonardo and Tatum the principal amount of two hundred thousand dollars ($200,000.00), together with interest thereon at the rate of thirty five percent (35%) due on October 25, 2007. Fletcher's total payment due and owing DiLeonardo and Tatum on October 25, 2007, was to be in the amount of two hundred and seventy thousand dollars ($270,000.00). Fletcher never made payment to DiLeonardo and Tatum on October 25, 2007, in direct breach of the Note. As of December 27, 2007, Fletcher has not made payment on the Note. Pursuant to the Note, interest has accrued since the October 25, 2007, deadline. On November 26, 2007, DiLeonardo and Tatum filed a Complaint in the case captioned <u>Frank L. DiLeonardo, Jr. as trustee of the Frank L. DiLeonardo, Jr. Trust, and Timothy N. Tatum, an individual, v. Joseph Fletcher, an individual</u>, Case No. 07 C 6617 currently pending in the United States District Court For the Northern District of Illinois (hereinafter the "Lawsuit").

(b)     It is understood and agreed that this Settlement Agreement is a compromise of a disputed claim, and that payment made is not to be construed as an admission of liability or responsibility or fault on the part of Fletcher, and that Fletcher denies liability for the amount claimed in the Complaint and intends merely to avoid litigation.

2. **PAYMENT**

In consideration for the promises and covenants made herein, Fletcher shall pay to DiLeonardo and Tatum the total sum of two hundred and eighty six thousand dollars ($286,000.00) with payments to be made as follows:

(a)     The first payment of thirty thousand dollars ($30,000) shall be made on or before January 21, 2008.

(b)     The second payment of forty thousand dollars ($40,000) shall be made on or before February 15, 2008.

(c)     The third payment of forty thousand dollars ($40,000) shall be made on or before March 15, 2008.


EXHIBIT A

(d)  The fourth payment of fifty thousand dollars ($50,000) shall be made on or before April 15, 2008.

(e)  The fifth payment of fifty thousand dollars ($50,000) shall be made on or before May 15, 2008.

(f)  The sixth and final payment of seventy-six thousand dollars ($76,000) shall be made on or before June 15, 2008.

Checks shall be made payable to "Frank L. DiLeonardo and Timothy N. Tatum" and shall be transmitted to the attention of James J. McNamara, Esq., Schuyler Roche, P.C., One Prudential Plaza, Suite 3800, 130 East Randolph Street, Chicago, Illinois 60601.

3.  **CONSENT TO JUDGMENT**

It is further agreed by Fletcher that, simultaneously with the execution of this Settlement Agreement, he will execute an Affidavit for Consent to Judgment (the "Consent") in the form annexed here as Exhibit A, consenting to the entry of a Judgment against him in any court of competent jurisdiction sitting in the state of Illinois, in the event of a default of payment on his part, pursuant to the terms of Paragraph 5 of this Settlement Agreement. The Consent to Judgment will be in the amount of three hundred thousand dollars ($300,000.00), plus any additional pre-judgment interest accrued on that amount from the date of entry as well as costs and attorney's fees incurred in collecting the unpaid balance, and minus any payments made by Fletcher pursuant to this Settlement Agreement. DiLeonardo and Tatum agree to provide Fletcher with notice of the entry of the Consent, by a court of competent jurisdiction, within 5 days of the entry of the Consent Judgment.

4.  **RELEASES**

(a) DiLeonardo and Tatum, for good and valuable consideration received from Fletcher, do hereby release, acquit, satisfy, forever discharge, and by these presents for their agents, representatives, successors, and assigns forever release (except for the obligation set forth in Paragraph 2 of this Settlement Agreement), Fletcher, his agents, representatives, heirs, successors, attorneys and assigns forever, of and from any and all manner of action and actions, cause and causes of action, charges, suits, rights, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, obligations, liabilities, and demands of any kind or nature whatsoever, at law or in equity, which they may have had, ever had, claims to have had, now has, or which their executors, administrators, successors, or assigns hereafter can, shall, or may have for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of execution of this Settlement Agreement. Without limiting the generality of the foregoing, the release contained in this Paragraph 4 specifically includes any claim, contention, demand, assertion or cause of action that was raised or could have been raised in the Lawsuit and any claim for damages.

(b) Fletcher, for good and valuable consideration received from DiLeonardo and Tatum does hereby remise, release, acquit, satisfy, forever discharge, and by these presents for his trustees, guardians, administrators, agents, representatives, successors, and assigns forever release, DiLeonardo and Tatum, their heirs, successors, attorneys and assigns forever, of and from any and all manner of action and actions, cause and causes of action, charges, suits, rights, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, obligations, liabilities, and demands of any kind or nature whatsoever, at law or in equity, which he may have had, ever had, claims to have had, now has, or which his heirs, executors, administrators, successors, or assigns hereafter can, shall, or may have for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of execution of this Settlement Agreement. Without limiting the generality of the foregoing, the release contained in this Paragraph 4 specifically includes any claim, contention, demand, assertion or cause of action that was raised or could have been raised in the Lawsuit and any claim for damages.

(c) DiLeonardo and Tatum agree to dismiss, with prejudice, the Lawsuit. However, the Parties agree the Presiding Judge shall retain jurisdiction over this matter for the purpose of enforcing the Settlement Agreement.

(d) DiLeonardo and Tatum agree to execute a release of all claims relating to the obligation set forth in Paragraph 2 herein, following Fletcher's payment of all amounts set forth therein.

5.  **DEFAULT**

(a) DiLeonardo, Tatum and Mr. Fletcher agree that in the event Fletcher does not make a payment in accordance with the schedule set forth in Paragraph 2 of this Settlement Agreement, and further fails to make such payment within ten (10) business days after receiving written notice from DiLeonardo and Fletcher as set forth below (the "Notice of Default"), then DiLeonardo and Tatum shall have the right to immediately file the Consent in a Court of the State of Illinois, or any court of competent jurisdiction.

(b) DiLeonardo and Tatum shall provide Fletcher with Notice of Default by sending a letter to Fletcher (at the address set forth in Paragraph 5(e) below) by certified and/or overnight mail, with a copy by overnight mail to Karyn P. Forbes 107 Storrs Street, P.O. Box 2703, Concord, NH 03302-2703 and a copy by overnight mail to Eric Patt, Robbins, Salomon & Patt, LTD., 25 East Washington Street, Suite 1000, Chicago, IL 60602-1705. If Fletcher changes his address, he must notify DiLeonardo and Tatum immediately. Failure by Fletcher to so notify DiLeonardo and Tatum of his change of address shall not affect DiLeonardo's and Tatum's right to notify Fletcher of the default by certified and/or overnight mail to his last known home address.

(c) In the event that Fletcher (i) fails to make the payments set forth in Paragraph 2 and the Notice of Default has been sent and the time to cure the default has elapsed, or (ii) files a petition for bankruptcy relief, DiLeonardo and Tatum shall have the right to file the Consent in any court of competent jurisdiction sitting in the State of Illinois for the

amount of three hundred thousand dollars ($300,000.00) plus any additional pre-judgment interest accrued on that amount from the date of entry as well as costs and attorney's fees incurred in collecting the unpaid balance, and minus any payments made by Fletcher pursuant to this Settlement Agreement.

(d)   DiLeonardo and Tatum agree that they shall provide notice to Fletcher of the filing of the Consent within 5 days after the filing of the Consent, and that such notice shall include the name of the court wherein the notice was filed. Such notice shall be sent via overnight or certified mail to Fletcher, with a copy via overnight mail to Karyn P. Forbes and Eric Patt, at the addresses set forth in Paragraph 5(b) hereinabove.

(e)   Notices: All notices and demands shall be sent to Fletcher at 4452 Ocean Height Court, Seaside, California 93955.

## 6.   CONFIDENTIALITY

**THIS IS A CONFIDENTIAL SETTLEMENT AGREEMENT.** The Parties, individually, and on behalf of their heirs, executors, administrators, assigns, and his legal advisors, if any, and all others in privity to the parties, agree to keep any matters relating to the underlying dispute and the terms of this Settlement Agreement confidential and agree not to disclose them to any other person, except as may be required in connection with the preparation and filing of income tax returns, seeking legal advice, or as may be required by the order of a court of competent jurisdiction, or at any hearing in an action between the Parties to enforce the terms of this Agreement. The Parties and their attorneys, agents, family members and accountants specifically agree not to make any disclosure to the press or other member of the media regarding the underlying dispute on the terms of this Settlement Agreement.

## 7.   FULL CAPACITY

Fletcher represents that he has full mental and physical capacity and authority to enter into, execute, and perform this Settlement Agreement.

DiLeonardo represents that he has full mental and physical capacity and authority to enter into, execute, and perform this Settlement Agreement.

Tatum represents that he has full mental and physical capacity and authority to enter into, execute, and perform this Settlement Agreement.

## 8.   ADVICE OF COUNSEL

The Parties represent that they have determined that this Settlement Agreement is fair and reasonable under all the circumstances and that this determination has been based solely upon their independent judgment after consulting with their respective counsel. In making this determination, the Parties have had an adequate opportunity to discuss and assess the merits of all their claims or potential claims. The Parties further agree that no fact, event, evidence, circumstance or transaction relating directly or indirectly to the

Note, or which may hereafter be discovered, shall affect in any manner the final and unconditional nature of this Settlement Agreement.

## 9. BINDING AGREEMENT

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their heirs, executors, administrators, successors and assigns.

## 10. GOVERNING LAW

This Settlement Agreement is deemed entered into in the State of Illinois and shall be construed and interpreted in accordance with the laws of the State of Illinois.

## 11. ENTIRE AGREEMENT

This Settlement Agreement contains the entire agreement between the Parties hereto. The terms of said Settlement Agreement are contractual and may not be modified orally except by a written instrument duly signed by each Party.

## 13. COUNTERPARTS

The Settlement Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**[Signature Pages To Follow]**

[Joseph Fletcher Signature Page]

Dated: January  , 2008

_____
JOSEPH FLETCHER

STATE OF ~~CALIFORNIA~~ ILLINOIS )
                                ) ss
COUNTY OF Cook                  )

Illinois I, an officer authorized to take acknowledgments, duly qualified by the State of ~~California~~ hereby certify that Joseph Fletcher, to me personally known, this day acknowledged before me that he executed the foregoing Settlement Agreement and Mutual Release.

IN WITNESS WHEREOF, I hereunto set my hand and official seal this 15 day of January, 2008.

_____
Notary Public   My Commission Expires _____

"OFFICIAL SEAL"
FRANCES A. BARRETT
Notary Public, State of Illinois
My Commission Expires Nov. 29, 2009

Error! Unknown document property name.                    -6-

01/13/2008  21:51    6302329475                    FOX RIVER                                PAGE  02

**[Frank L. DiLeonardo, Jr. and Timothy N. Tatum Signature Page]**

Dated: January 11, 2008

FRANK L. DILEONARDO, as trustee of the Frank L. DiLeonardo Jr. Trust and TIMOTHY N. TATUM,

By: _____
Frank L. DiLeonardo

By: _____
Timothy N. Tatum

STATE OF ILLINOIS    )
                     ) ss
COUNTY OF COOK       )

I, an officer authorized to take acknowledgments, duly qualified by the State of Illinois, hereby certify that Frank L. DiLeonardo and Timothy N. Tatum, to me personally known, this day acknowledge before me that they executed the foregoing Settlement Agreement and Mutual Release and I further certify that I know said persons to be the individuals described in and who executed said Settlement Agreement and Mutual Release.

IN WITNESS WHEREOF, I hereunto set my hand and official seal this 11th day of January, 2008.

"OFFICIAL SEAL"
Sharon Forray
Notary Public, State of Illinois
My Commission Expires May 18, 2008

Notary Public
My Commission Expires 5/18/2008

Error! Unknown document property name.                    -7-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK L. DILEONARDO, JR. as trustee of the Frank L. DiLeonardo, Jr. Trust, and TIMOTHY N. TATUM, an individual, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Case No. 07 C 6617 |
| JOSEPH FLETCHER, an individual, | ) ) | |
| Defendant. | ) | |

## AFFIDAVIT FOR CONSENT TO JUDGMENT

I, Joseph Fletcher, being duly sworn, depose and say:

1.  I am the Defendant in the above captioned matter pending in the United States District Court for the Northern District of Illinois, Eastern Division.

2.  I am a resident of the State of California. I hereby waive service of process and submit to jurisdiction of this Court.

3.  I, the Defendant in the above-entitled action, knowingly and voluntarily consent to judgment in this Court in favor of the plaintiffs Frank L. DiLeonardo, Jr. and Timothy N. Tatum for amount of three hundred thousand dollars ($300,000.00) plus any additional pre-judgment interest accrued on that amount from the date of entry as well as costs and attorney's fees incurred in collecting the unpaid balance, and minus any sums I have previously paid to Frank L. DiLeonardo, Jr. and/or Timothy N. Tatum in connection with said debt, plus reasonable attorney's fees incurred in connection with the filing of this Affidavit.

4.  I agree (i) that judgment may be entered against me for the aggregate sums set forth in Paragraph 3, (ii) that no proceeding will be taken by me to interfere in any manner with the operation of the judgment, and (iii) that Frank L. DiLeonardo, Jr. and Timothy N. Tatum may file a copy of this judgment with the United States District Court for the Northern District of Illinois Easter Division, in accordance with the terms and conditions set forth in the written settlement agreement entered into between Frank L. DiLeonardo, Jr., Timothy N. Tatum and myself dated January __, 2008 (the "Settlement Agreement").

6.  This consent to judgment is for a debt justly due to Frank L. DiLeonardo, Jr. and Timothy N. Tatum arising out of my default under the Settlement Agreement, in which I agreed to repay Frank L. DiLeonardo, Jr. and Timothy N. Tatum monies owing them arising out of the promissory note between myself, Frank L. DiLeonardo and Timothy N. Tatum. This consent to judgment is not for the purpose of securing the plaintiff against a contingent liability.

Dated: January 10, 2008

_____
JOSEPH FLETCHER

STATE OF ~~CALIFORNIA~~ ILLINOIS  )
                                  ) SS
COUNTY OF  Cook                   )

I, _____ an officer authorized to take acknowledgments, duly qualified by the State of ~~California~~ Illinois hereby certify that Joseph Fletcher, to me personally known, this day acknowledged before me that he executed the foregoing Affidavit for Consent to Judgment.

IN WITNESS WHEREOF, I hereunto set my hand and official seal this 15 day of January, 2008.

_____
Notary Public

My Commission Expires _____

"OFFICIAL SEAL"
FRANCES A. BARRETT
Notary Public, State of Illinois
My Commission Expires Nov. 29, 2009

513016v1

-9-